**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-CV-63162-COHN/STRAUSS**

**W.P. PRODUCTIONS, INC.,**

     Plaintiff,

v.

**TRAMONTINA U.S.A., INC.,** *et al.*,

     Defendants.

_____/

**ORDER ON MOTION FOR PROCEEDINGS SUPPLEMENTARY**[1]

THIS MATTER came before the Court upon the Motion for Proceedings Supplementary [DE 123] ("Motion") filed by Defendant/Judgment Creditor, Sam's West, Inc. ("Judgment Creditor"). I have reviewed the Motion, the Response [DE 136] and Reply [DE 137] thereto, and all other pertinent portions of the record.

"The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1). As set forth in Florida's proceedings supplementary statute

> When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

---

[1] All post-judgment matters (including the subject Motion) have been referred to me – for appropriate disposition, evidentiary hearing, and/or report and recommendation – pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. *See* [DE 128].

§ 56.29(1), Fla. Stat.  Here, Judgment Creditor has submitted an affidavit [DE 124] identifying

two judgments [DE 105, 120] that it holds against Plaintiff/Judgment Debtor, W.P. Productions,

Inc. ("Judgment Debtor").  The affidavit notes that both judgments were entered by this Court in

this case.  Additionally, the affiant attests that the judgments are not satisfied and that execution is

valid and outstanding.  [DE 124] ¶ 2.  Further, the affidavit discloses the unsatisfied amount of the

judgments, including accrued interest.  Therefore, under § 56.29(1), "[J]udgment [C]reditor is

entitled to these proceedings supplementary to execution."  *See also Longo v. Associated*

*Limousine Servs., Inc.*, 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018) ("Upon a showing of the

statutory prerequisites, the court has no discretion to deny the motion." (citation omitted)).

While Judgment Creditor is clearly entitled to commence proceedings supplementary, it

has failed to show that it is entitled to all of the relief sought in the Motion.  In addition to seeking

the commencement of proceedings supplementary, the Motion seeks: (1) a finding (based on

collateral estoppel) that Sydney I. Silverman ("Silverman") is an alter ego of Judgment Debtor

and, consequently, requests that he be added as a judgment debtor to the judgments in this case

with execution against him being permitted; (2) the issuance of a Notice to Appear to Silverman,

pursuant to § 56.29(2), Fla. Stat., for Silverman to show why certain property should not be applied

to satisfy the judgments; and (3) to require Silverman to complete, under oath, Form 1.977 of the

Florida Rules of Civil Procedure (Fact Information Sheet), within 20 days.  The first two issues

are discussed in further detail below.  However, with respect to the third issue, the Court cannot

require Silverman, who is presently not a judgment debtor in this case (or even a party), to

complete a fact information sheet.

As to the first issue, it is premature for the Court to make any alter ego determination.

Silverman is not even a party at this time.  While the Court has the power to implead Silverman if

it appears relief against him may be warranted, *Longo*, 236 So. 3d at 1118, Judgment Creditor first needs to implead Silverman through a supplemental complaint if Judgment Creditor wishes to hold Silverman liable for the judgments against Judgment Debtor.  *See SMS Fin. J, LLC v. Cast-Crete Corp.*, No. 8:18-MC-00008, 2018 WL 1726434, at *2 (M.D. Fla. Apr. 10, 2018) ("To hold Cast–Crete USA, LLC and Cast–Crete USA, Inc. liable for the Judgment, the proper course of action is for SMS to file and serve an impleader complaint in which it can allege its 'alter ego/mere continuation theory of liability.'" (citations omitted)).[2]  Notably, though, even "an order allowing impleader of third parties under section 56.29 does no more than allow third parties to be sued[.] [It] does not determine any substantive rights." *Longo*, 236 So. 3d at 1118.  Thus, while the parties' briefing focuses on this alter ego/collateral estoppel issue, they are putting the cart before the horse. Judgment Creditor must wait to raise its collateral estoppel argument until the time comes to file a motion for summary judgment (or other appropriate motion, if any).[3]  Again, it must first implead Silverman though (and wait for Silverman to respond or for the response deadline to pass).  Of course, it will be required to serve Silverman in accordance with Fed. R. Civ. P. 4.

With respect to Judgment Creditor's second request, Judgment Creditor is entitled to the issuance of a Notice to Appear for at least certain items identified on pages 16-17 of the Motion. However, Judgment Creditor has not submitted any proposed Notice to Appear for the Court's consideration, and any Notice to Appear may only list items that are identified with reasonable

---

[2] In any such supplemental complaint, Judgment Creditor will need to separately establish the Court's original jurisdiction over the claim(s) against Silverman.  *See id.* (citing *Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 852 (11th Cir. 2016)).

[3] *See Inversiones Y Procesadora Tropical Inprotsa, S.A. v. Del Monte Int'l GMBH*, No. 16-24275-CV, 2020 WL 6384878, at *2 (S.D. Fla. Aug. 5, 2020), *report and recommendation adopted*, 2020 WL 6384299 (S.D. Fla. Oct. 30, 2020) ("Once proceedings supplementary have begun the parties are entitled to discovery; after discovery has concluded, the proper procedural tool to decide the judgment creditor's rights is summary judgment." (citation omitted)).

particularity and that otherwise come within the ambit of Florida's proceedings supplementary statute.  *See* § 56.29(2), Fla. Stat.

Under § 56.29(2), a judgment creditor seeking the issuance of a Notice to Appear must describe – in its motion for proceedings supplementary or a supplemental affidavit – "any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment."  *Id.*  Provided that the judgment creditor does so, "then the court shall issue a Notice to Appear."  *Id.*  Nonetheless, "[t]he Notice to Appear must *describe with reasonable particularity* the property, debt, or other obligation that may be available to satisfy the judgment." *Id.*  After being served, the recipient of the Notice to Appear then has the opportunity to respond to the Notice to Appear, to present defenses, to pursue discovery, and to a jury trial.  *See id.*  The Notice to Appear must provide notice of these rights.  *See id.*

At first glance, the Notice to Appear mechanism – the language of § 56.29(2) – does not appear to apply to property of an alleged alter ego of a judgment debtor who is not himself a judgment debtor.  Nevertheless, in *Longo*, Florida's Fourth District Court of Appeal

> conclude[d] that in cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment.

236 So. 3d at 1121.  It reasoned that "[b]ecause a judgment debtor and an alter ego are treated as the same entity . . . section 56.29(2)'s required description of 'any property of the judgment debtor . . . or any property, debt, or other obligation due to the judgment debtor' may include property of an alleged alter ego of the judgment debtor."  *Id.* (citation omitted).  Other judges in this district have followed suit.  *See Yurovskiy v. Impex Point, LLC*, No. 18-81288-CV, 2020 WL 3146499, at

*2 (S.D. Fla. June 11, 2020); *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enterprises, LLC*, No. 17-CV-81140-CIV, 2020 WL 3146502, at *2 (S.D. Fla. June 11, 2020); *Flava Works, Inc. v. A4A Reseau, Inc.*, No. 14-23208-CIV, 2019 WL 3323107, at *3 (S.D. Fla. June 11, 2019); *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019 WL 2297524, at *2 (S.D. Fla. May 30, 2019).

Here, the items Judgment Creditor seeks to have included in a Notice to Appear are set forth in the Motion and related affidavit.  *See* [DE 123] at pp. 16-17; [DE 124] at pp. 5-7. Therefore, the Court will issue a Notice to Appear if Judgment Creditor submits a proposed Notice to Appear that otherwise satisfies § 56.29(2) – one that satisfies the reasonable particularity requirement and that contains the information required under § 56.29(2).[4]  All but two of the categories that Judgment Creditor seeks to include in the Notice to Appear at least arguably satisfy the reasonable particularity requirement.[5]  Accordingly, if Judgment Creditor chooses to proceed

---

[4] If Judgment Creditor's true preference is to hold Silverman liable for the judgments against Judgment Debtor, it should proceed with a supplemental complaint instead of a Notice to Appear directed to only certain property.  Either scenario would involve similar procedures (i.e., the ability to respond, conduct discovery, file dispositive motions, and participate in a trial if the matter is not disposed of earlier), but a supplemental complaint would better put Silverman on notice of the claim(s) against him and, as noted above, is necessary to establish the Court's original jurisdiction to the extent Judgment Creditor seeks to hold Silverman liable for the judgments.

[5] Category H (Legal and beneficial title in and to property held in trust by or for the benefit of Silverman) and Category I (Personal property including jewelry, art, furnishings, vehicles, watercraft, and the like) do not satisfy the reasonable particularity requirement.  However, the other categories at least arguably satisfy the requirement.  While certain others – such as G (Accounts and contracts, owned separately or owned jointly with others, including annuities, securities accounts, bank accounts, debt instruments, and promissory notes) – would not satisfy the reasonable particularity requirement without context, Judgment Creditor attempts to provide context by citing to testimony Silverman provided at a deposition.  *See* [DE 124] at pp. 5-7. Nevertheless, aside from the two categories I identified as clearly not being described with reasonable particularity, Judgment Creditor may include the other categories in a Notice to Appear if it decides to proceed by Notice to Appear.  However, I make no finding regarding whether the other categories are in fact described with reasonable particularity.  If Silverman disputes that they are so described, it will be incumbent upon him to raise any such defense when he responds to any Notice to Appear.

by Notice to Appear instead of by filing a supplemental complaint, it should omit those two categories.  Additionally, it should prepare its proposed Notice to Appear based on Form 1.914(B) of the Florida Rules of Civil Procedure.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1.      The Motion [DE 123] is **GRANTED IN PART and DENIED IN PART.**

2.      Judgment Creditor is entitled to commence proceedings supplementary.

3.      To the extent that Judgment Creditor seeks to hold Silverman liable for the judgments against Judgment Debtor, Judgment Creditor must file a supplemental complaint. Therein, it must establish the Court's original jurisdiction over the claim(s) asserted.

4.      To the extent that Judgment Creditor seeks the issuance of a Notice to Appear, it shall file its proposed Notice to Appear (patterned after Fla. R. Civ. P. Form 1.914(b)) and submit a word version to strauss@flsd.uscourts.gov.

5.      On or before **May 20, 2021**, Judgment Creditor shall either file/submit a proposed Notice to Appear or file a supplemental complaint.

6.      Any Notice to Appear or supplemental complaint must be served on Silverman in accordance with applicable law.

7.      Judgment Creditor's request to require Silverman to complete a fact information sheet is denied.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of May 2021.

Jared M. Strauss
United States Magistrate Judge