UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-63163-CIV-COHN/STRAUSS

W.P. PRODUCTIONS, INC.,

    Plaintiff,
v.

TRAMONTINA U.S.A., INC.
and SAM'S WEST, INC.,

    Defendants.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 170] ("Report") submitted by United States Magistrate Judge Jared M. Strauss regarding Sam's West, Inc.'s Motion for Summary Judgment (Collateral Estoppel) [DE 149] ("Motion"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the Motion, the Report, Sam's West, Inc.'s Objections [DE 171], and the record in this case, and is otherwise advised in the premises. Upon careful consideration, the Court will adopt the Report, overrule the Objections, and grant the Motion in part.

On December 28, 2018, W.P. Productions ("WPP"), a cookware manufacturer, filed a four-count complaint against Tramontina U.S.A., Inc. ("Tramontina") and Sam's West, Inc. ("Sam's West") alleging (1) that Tramontina tortiously interfered with WPP's business relationship with Sam's West; (2) that both Defendants tortiously interfered with WPP's prospective business relationship with Costco; (3) that both Defendants defamed WPP; and (4) that both Defendants committed civil conspiracy against WPP. DE 1. Sam's West subsequently filed a counterclaim, including two counts related to

1

WPP's alleged breach of a promissory note and breach of contract.  DE 21.  On June 16, 2020, the Court granted Sam's West's Motion for Summary Judgment as to the above-mentioned counterclaims.  DE 104.  The Court entered a Final Judgment for Sam's West and against WPP in the amount of $2,672,977.86, see DE 105, and subsequently entered a Final Judgment for Attorneys' Fees in favor of Sam's West in the amount of $58,573.50.  DE 120.

Now, unable to satisfy the judgments against WPP, Sam's West has commenced proceedings supplementary pursuant to section 56.29 of the Florida Statutes.  DE 123 & 138.  In its Amended Complaint of the proceedings supplementary, Sam's West seeks to have the Court pierce the corporate veil against Sydney Silverman ("Silverman"), the sole shareholder of WPP, and thus add Silverman as a judgment debtor to the two judgments.  DE 148.  In Count I, Sam's West asserts that the Court should pierce the corporate veil based upon collateral estoppel.  Id. at 9-11.  On August 2, 2021, Sam's West filed the present Motion, arguing that determinations made by a California state court in a prior proceeding should be given preclusive effect and that those determinations establish the veil piercing claim.  DE 149.

In the Report, Judge Strauss concludes that Sam's West's Motion should be granted in part.  First, Judge Strauss found that because Sam's West seeks to apply collateral estoppel based upon a California state court judgment, California's collateral estoppel law applies.  DE 170 at 5-6.  Additionally, Judge Strauss concluded that even though the California court used California law to determine Silverman's alter ego liability, Florida law actually supplies the elements for Sam's West's veil piercing claim because the Court is sitting in diversity and WPP is a Florida corporation.  Id. at 7.  To

2

pierce the corporate veil under Florida law, the plaintiff must prove that "(1) the *shareholder* dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1349 (11th Cir. 2011) (citing Gasparini v. Pordomingo, 972 So.2d 1053, 1055 (Fla. Dist. Ct. App. 2008)).  Judge Strauss found that the determinations in the California case satisfied the first element required under Florida law, but not the second or third.  DE 170 at 10-14.  As such, Judge Strauss concluded that Silverman should be collaterally estopped from contesting the first element that must be established to pierce the corporate veil.  Id. at 15.

Sam's West objects to the Report's use of Florida's veil piercing law.  DE 171 at 2.  Sam's West argues that because Silverman did not argue that Florida law governed the veil piercing analysis during the pendency of the California case he cannot do so now.  Id.  As it did in its Supplemental Brief in Support of Summary Judgment, see DE 166 at 9-10, Sam's West relies on Restatement (Second) of Judgments § 27, comment c.  DE 171 at 2-3.  Comment c explains that

> An issue on which relitigation is foreclosed may be one of evidentiary fact, of "ultimate fact" (i.e., the application of law to fact), or of law. [] Thus, for example, if the party against whom preclusion is sought did in fact litigate an issue of ultimate fact and suffered an adverse determination, new evidentiary facts may not be brought forward to obtain a different determination of that ultimate fact. [] And similarly if the issue was one of law, new arguments may not be presented to obtain a different determination of that issue. []

Restatement (Second) of Judgments § 27, comment c.

3

Sam's West argues that because the issue of what state's law applies to the alter-ego analysis is an issue of law that was already decided in the California case, comment c demonstrates that Silverman is barred from now raising the argument that Florida law applies.  DE 171 at 3.  The Court disagrees.

Sam's West has provided the Court no case law, let alone binding case law, supporting its contention that Silverman cannot argue that Florida law applies here because he failed to do so in the California action.  The Court has reviewed comment c, its illustrations, and the cases cited therein, and agrees with the Report that Florida law governs the veil piercing analysis.  See ripKurrent LLC v. Richard Ballard IRA LLC, 530 F. Supp. 3d 1281, 1298 n.3 (S.D. Fla. 2021) ("[G]enerally the law of the state of incorporation or formation applies when determining alter ego liability.").  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report & Recommendation [DE 170] is **ADOPTED** in its entirety;
2. Sam's West, Inc.'s Objections [DE 171] are **OVERRULED**;
3. Sam's West, Inc.'s Motion for Summary Judgment (Collateral Estoppel) [DE 149] is **GRANTED in part**;
4. Collateral estoppel precludes Sydney Silverman from contesting the first element necessary to pierce the corporate veil under Florida law;
5. The above-titled cause is scheduled for trial before the Honorable James I. Cohn, United States District Judge, at the United States District Courthouse at 299 East Broward Boulevard, Courtroom 203E, Fort Lauderdale, Florida, during the two-week trial period commencing

    Monday, November 14, 2022, at 9:00 a.m., or as soon thereafter as the case may be called.  Calendar Call is scheduled for November 10, 2022, at 9:00 a.m.; and

6.  All further pre-trial proceedings regarding post-judgment matters shall take place before Magistrate Judge Jared M. Strauss, as referred in DE 128.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of February, 2022.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Magistrate Judge Jared M. Strauss
Counsel of record via CM/ECF