UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-63162-CIV-COHN/STRAUSS

W.P. PRODUCTIONS, INC.,

    Plaintiff,

v.

TRAMONTINA U.S.A., INC.
and SAM'S WEST, INC.,

    Defendants.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 210] ("Report") submitted by United States Magistrate Judge Jared M. Strauss regarding Sam's West, Inc.'s Motion for Summary Judgment [DE 188] ("Sam's West's Motion") and Sydney Silverman's Motion for Summary Judgment [DE 190] ("Silverman's Motion").  Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the Motions, the Report, Sydney Silverman's Objections [DE 213], Sam's West, Inc.'s Response to Sydney Silverman's Objections [DE 216] and the record in this case, and is otherwise advised in the premises.  Upon careful consideration, the Court will adopt the Report, overrule the Objections, grant Sam's West's Motion and deny Silverman's Motion.

On December 28, 2018, W.P. Productions ("WPP"), a cookware manufacturer, filed a four-count complaint against Tramontina U.S.A., Inc. ("Tramontina") and Sam's West, Inc. ("Sam's West") alleging (1) that Tramontina tortiously interfered with WPP's business relationship with Sam's West; (2) that both Defendants tortiously interfered with WPP's prospective business relationship with Costco; (3) that both Defendants

1

defamed WPP; and (4) that both Defendants committed civil conspiracy against WPP. DE 1.  Sam's West subsequently filed a counterclaim, including two counts related to WPP's alleged breach of a promissory note and contract.  DE 21.  On June 16, 2020, the Court granted Sam's West's Motion for Summary Judgment as to those counterclaims.  DE 104.  The Court entered a Final Judgment for Sam's West and against WPP in the amount of $2,672,977.86, see DE 105, and subsequently awarded Sam's West $58,573.50 in attorneys' fees.  DE 120.

Unable to satisfy the judgments against WPP, Sam's West commenced proceedings supplementary pursuant to section 56.29 of the Florida Statutes.  DE 123 & 138.  In its Amended Complaint filed in these proceedings supplementary, Sam's West sought to have the Court pierce the corporate veil against Sydney Silverman ("Silverman"), the sole shareholder of WPP, and add Silverman as a judgment debtor to the judgments entered against WPP.  DE 148.  In Count I, Sam's West asserted that the Court should pierce the corporate veil based upon collateral estoppel, and in Count II sought a declaratory judgment that Silverman is WPP's alter ego.  Id. at 9-13.  The Court referred the proceedings supplementary to Magistrate Judge Strauss.

On August 2, 2021, Sam's West moved for summary judgment, arguing that determinations made by a California state court in a prior proceeding should be given preclusive effect and that those determinations establish the veil piercing claim.  DE 149.  To pierce the corporate veil under Florida law, Sam's West is required to prove that "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must

2

have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1349 (11th Cir. 2011) (citing Gasparini v. Pordomingo, 972 So.2d 1053, 1055 (Fla. Dist. Ct. App. 2008)).  Judge Strauss found that the determinations in the California case satisfied the first element required under Florida law, but not the second or third. DE 170 at 10-14. As such, Judge Strauss concluded that Silverman should be collaterally estopped from contesting the first element that must be established to pierce the corporate veil, and this Court agreed. DE 172.

Now, the instant Motions address whether the second and third elements under Florida law have been met to pierce WPP's corporate veil and add Silverman as a judgment debtor. DE 188 & 190. In Silverman's Motion, he argues that Sam's West never sufficiently pled all three veil-piercing elements in Count II of their Amended Complaint. DE 190 at 2-5. Even if they had, Silverman claims that Sam's West cannot establish the veil-piercing elements because there is no evidence that he used WPP funds to make personal purchases. Id. at 6-7. In Sam's West's Motion, they argue that the second and third elements of a veil-piercing claim have been met, as Silverman used and continues to use WPP's corporate form fraudulently and for an improper purpose, and that his use caused injury to Sam's West. DE 188 at 3-11. Sam's West points to the commingling of personal and corporate funds as well as the continued use of corporate credit cards, and transfers of assets to Silverman and his family members years after the formal dissolution of the company. Id.

In his well-reasoned Report, Judge Strauss finds that the undisputed facts show that Sam's West is entitled to judgment as a matter of law on its veil-piercing claim. DE 210 at 8. First, Judge Strauss rejects Silverman's argument that Sam's West failed to adequately plead all three elements of a veil-piercing claim in Count II of the Amended Complaint. Id. at 10-11. He then concludes that Sam's West has established that the funds in WPP's accounts were indeed WPPs and *not* Silverman's personal funds. Id. at 14. Although Silverman essentially argues that the leftover funds each year are his as he is the sole shareholder, Judge Strauss rejects this position as being incorrect as a matter of law. Id. (quoting Bair v. Bair, 214 So. 3d 750, 755 (Fla. 2d DCA 2017) "assets acquired through corporate earnings are corporate assets until payments are made for services or as dividends."). Seeing no such evidence that payments had been made for services or as dividends, he concludes that Silverman's attempts to characterize the funds as personal is plainly contrary to the law. Id. at 14-15.

With the issue of fund identity settled, Judge Strauss turns to Silverman's actions and concludes that because the funds were not his, his actions using them as if they were his constituted an improper use of the corporate form. Id. at 15. Consequently, he finds that "even viewed in the light most favorable to Silverman, this case involved repeated, wide-spread, and long-ranging payment of Silverman's personal expenses using WPP's funds rather than making such funds available to pay WPP's creditors." Id. Further, by blatantly skirting the requirements of Florida Statute § 607.06401[1] and

---

[1] This Florida statute provides when distributions may be made to shareholders and states that

"No distribution may be made if, after giving it effect: (a) The corporation would not be able to pay its debts as they become due in the usual course of the corporation's activities and affairs; or (b) The corporation's total assets would be less than the sum of its total liabilities plus (unless the articles of incorporation permit otherwise) the amount that would be needed, if the corporation were to be dissolved and wound up at the time of

using WPP funds for personal use while creditors were waiting in line, Judge Strauss concludes that the conduct indeed employed the corporate form for improper use.

Judge Strauss also finds that the third veil-piercing element—an injury resulting to Sam's West from the improper use of WPP—has been met. Id. at 17-18. As evidence, Judge Strauss notes that any funds that were available to pay Sam's West have now been depleted given Silverman's personal use of the funds. Id. Thus, he finds that Sam's West has established a nexus between Silverman's improper use and an injury to Sam's West.

Silverman objects to multiple portions of the Report. DE 213. His primary objection is that the second element, improper conduct, has not been met as the Report "does not consider whether a jury could find that Mr. Silverman's conduct was negligent or even reckless rather than deliberately and intentionally done specifically to harm and/or defraud Sam's." Id. at 11. Indeed, that is what Judge Strauss finds, that "Silverman made the *deliberate* choice to pay for his personal expenses using WPP's funds rather than making such funds available to pay WPP's creditors." Id. 15-16 (emphasis added). This Court agrees. Silverman's use of WPP funds that were not his by any stretch – notably after the dissolution of the company – to enrich family members and pay for his own personal expenses and not creditors is textbook improper. See TTT Foods Holding Co. LLC v. Namm, No. 16-CV-81798, 2017 WL 2901329, at *10 (S.D. Fla. May 19, 2017) (finding improper use when owner, following the formal dissolution of the company, continued to transfer the corporation's proceeds into

---

the distribution, to satisfy the preferential rights upon dissolution and winding up of shareholders whose preferential rights are superior to those receiving the distribution."

Florida Statute § 607.06401(3).

5

another bank account controlled by her instead of retaining the proceeds for the corporation to pay its creditors); Walton v. Tomax Corp., 632 So. 2d 178, 180 (Fla. 5th DCA 1994) (reversing directed verdict where "there was evidence which ... tended to show that [corporate director] depleted corporate assets for the personal benefit of himself and his family while the corporation was unable to pay its debts"); Eckhardt v. United States, 463 Fed. Appx. 852, 857 (11th Cir. 2012) (finding improper use when the sole owner transferred over $100,000 from the corporation to his personal accounts rather than paying outstanding tax liabilities and thus granting summary judgment for the creditor).  Silverman fails to offer any evidence that his use of WPP funds was not deliberate or improper.  As such, he has failed to show that there is a genuine issue of material fact on this point.

Silverman further takes issue with Judge Strauss's finding that his Declaration was "self-serving" and "conclusory."  DE 213 at 3-7.  Regardless of that characterization, Judge Strauss still considers the Declaration and finds that "even accepting Silverman's conclusory statements, Sam's is correct – as a matter of law – that the funds in WPP's account were WPP's funds, not Silverman's personal funds."  DE 210 at 14.  As Sam's West correctly points out in their Response to Silverman's Objections, Silverman provides no case law to contradict the finding that the funds were indeed WPP's as a matter of law.  DE 216 at 4.  Thus, regardless of how Judge Strauss characterizes the Declaration, it does not change the fact that the funds Silverman expended were indeed WPP's and not his.

Lastly, Silverman repeats his Motion for Summary Judgment argument, that Sam's West's Amended Complaint was fatally flawed.  He objects to the Report, stating

6

Case 0:18-cv-63162-JIC Document 217 Entered on FLSD Docket 01/31/2023 Page 7 of 8

that he should not be "penalized" for failing to object to the 2021 Report, and that Count II was not sufficiently pled to afford relief. DE 213 at 15-17. First, simply highlighting that Silverman never objected to the 2021 Report does not equate to being "penalized." Quite simply, Judge Strauss points to the text of the Amended Complaint and states that Sam's West alleged *inter alia*, that "Silverman commingled his personal funds with WPP funds, failed to segregate WPP funds from the funds of other Silverman entities, engaged in numerous transfers with WPP, used WPP to frustrate WPP's creditors *including* Sam's, filed this lawsuit against Sam's for an improper purpose after shutting down WPP's operations and after rendering WPP insolvent, and used WPP to pay his personal credit card expenses." DE 210 at 11; citing DE 148 at ¶ 66. Sam's West clearly states at the outset that the corporation was used for an improper purpose, and such use resulted in Sam's West's injury, thus adequately pleading all elements.

For the foregoing reasons, the Court concludes that any reasonable jury would find that Silverman improperly used WPP's corporate form, and such use caused injury to Sam's West. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report & Recommendation [DE 213] is **ADOPTED** in its entirety;
2. Sydney Silverman's Objections [DE 216] are **OVERRULED**;
3. Sam's West, Inc.'s Motion for Summary Judgment [DE 188] is **GRANTED**;
4. Sydney Silverman's Motion for Summary Judgment [DE 190] is **DENIED**; and
5. An amended Final Judgment will be issued separately.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of January, 2023.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Magistrate Judge Jared M. Strauss
Counsel of record via CM/ECF